PER CURIAM.
We affirm the declaratory judgment requiring the City of Fort Lauderdale to reeonvey the easement at issue to McDonald’s Corporation pursuant to section 255.22, Florida Statutes (Supp.1994). Even though McDonald’s is not the “grantor’s successor” within the meaning of section 255.22(5), it is still entitled to rely on subsection (3), which is made applicable by the last sentence of subsection (5). We hold that the language in the 1979 easement agreement that the easement was for “right of way purposes” was a “specified purpose or use” as contemplated by subsection (3). Fort Lauderdale neither used the easement for right of way purposes nor identified the proposed use of the easement in a comprehensive plan within ten years of the date of the conveyance. We construe a portion of subsection (3) to require the transferee municipality to identify a proposed use of transferred property in its own comprehensive plan. For this reason, the Department may not rely on Broward County’s comprehensive plan to avoid the application of subsection (3). We find no merit to the issues raised in the cross appeal.
AFFIRMED.
KLEIN and GROSS, JJ., and GERSTEN, CAROL R., Associate Judge, concur.